UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Keith L. Dixon, | Civil Action No. 1:20-cv-07374 |
| Plaintiff, | |
| – against– | **COMPLAINT** |
| Capital One Bank (USA), N.A. and Trans Union, LLC, | |
| Defendant(s). | |

## COMPLAINT

Plaintiff, Keith L. Dixon (hereinafter "Plaintiff"), by and through his attorneys, the Law Offices of Robert S. Gitmeid & Assoc., PLLC, by way of Complaint against Defendants, Capital One Bank (USA), N.A. ("Capital One") and Trans Union, LLC ("Trans Union") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

1

## PARTIES

2. Plaintiff, Keith L. Dixon, is an adult citizen of the state of Maryland domiciled in Frederick, MD.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Capital One was and is at all relevant times herein, a national banking association organized and existing under, and by virtue of, the National Banking Laws of the United States. Capital One furnishes consumer credit information to credit reporting agencies and does business throughout the country and in the state of Illinois.

5. Defendant Trans Union is a limited liability company organized and existing under the laws of Illinois that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the Defendants because Defendants are either domiciled in Illinois and /or continuously do business in Illinois.

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and pursuant to 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States district court, without regard to the amount in controversy.

8. Venue in this district is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in Illinois.

## FACTUAL ALLEGATIONS

9. Capital One issued a credit account ending in 9421 to Plaintiff; the account was routinely reported on Plaintiff's consumer credit report.

10. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

11. On or about September 30, 2019, Plaintiff and Capital One, entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as Exhibit A.

12. Pursuant to the terms of the settlement, Plaintiff was required to make twenty-four (24) monthly payments totaling $2,650.75 to settle and close his Capital One account.

13. Plaintiff, via counsel, timely made the requisite settlement payments. Proofs of these payments are attached hereto as Exhibit B.

14. However, over half a year later, Plaintiff's Capital One account continued to be negatively reported.

15. In particular, on a requested credit report dated July 14, 2020, Plaintiff's Capital One account was reported with a status of "CHARGE OFF", a balance of $2,350.00 and a past due balance of $2,350.00. The relevant portion of Plaintiff's credit report is attached hereto as <u>Exhibit C</u>.

16. This trade line was inaccurately reported. As evidenced by the settlement agreement and the proofs of payments, the account was settled with a $0 balance and must be reported as such.

17. On or about September 11, 2020, Plaintiff notified Defendants directly of a dispute on the Capital One account's completeness and/or accuracy. This letter is attached hereto as <u>Exhibit D</u>.

18. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Capital One to the Credit Reporting Agencies, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

19. In October of 2020, Plaintiff requested an updated credit report from Defendant credit reporting agencies. The trade line for the Capital One account in question remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portions of the October 2020 credit report is attached hereto as <u>Exhibit E</u>.

20. Trans Union did not notify Capital One of the disputes by Plaintiff in accordance with the FCRA, or alternatively, did notify Capital One and Capital One failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit reports.

21. If Capital One did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's Capital One account would be updated to reflect a settled status with a $0 balance.

22. Capital One has promised through its subscriber agreements or contracts to accurately update accounts, but Capital One has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

23. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Trans Union.

24. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

25. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

26. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

27. Trans Union is "consumer reporting agencies" as codified at 15 U.S.C. § 1681a(f).

28. Capital One is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

29. Capital One is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

30. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

31. Capital One failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

32. Capital One failed to update Plaintiff's credit report and/or notify the credit bureaus that the Capital One account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

33. Capital One failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

34. Trans Union failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).

35. Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

36. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following forms: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loans that would otherwise be affordable and other damages that may be ascertained at a later date.

37. As a result of the above violations of the FCRA, Trans Union is liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable

Respectfully Submitted,

<u>/**s**/ Kathryn Slaughter</u>
Kathryn Slaughter, Esq.
Attorney for Plaintiff
Law Offices of Robert S.
Gitmeid & Assoc., PLLC
11 Broadway, Suite 930
New York, NY 10004
Tel: (212) 226-5081
Fax: (212) 428-6808
Kathryn.S@gitmeidlaw.com